UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　v.<br><br>REYES VILLA-RAMIREZ,<br><br>　　　　Defendant/Petitioner. | No.  CR-11-0111-EFS<br>(Civ. No. CV-13-0196-EFS)<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |

**I.    INTRODUCTION**

Before the Court, without oral argument, is Defendant Reyes Villa-Ramirez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody, ECF No. 69.  The motion has not been served on the U.S. Attorney's Office (USAO), and the Court has not yet directed the USAO to respond.  Defendant seeks to overturn his conviction and sentence on numerous grounds.  Having reviewed his motion and the record in this matter, the Court is fully informed.  For the reasons set forth below, the Court denies Defendant's motion.

**II.    BACKGROUND**

On July 19, 2011, Defendant was indicted for knowingly and intentionally distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21

U.S.C. § 841. ECF No. 1. Defendant was arraigned on July 22, 2011. ECF No. 15. On August 25, 2011, the USAO filed a Superseding Indictment alleging three counts: 1) distribution of 50 or more grams of a mixture or substance containing a detectable amount of methamphetamine; 2) possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine; and 3) unlawful re-entry into the United States, in violation of 8 U.S.C. § 1326. Defendant was arraigned on the Superseding Indictment on September 2, 2011. ECF No. 34.

On October 20, 2011, the Defendant appeared before this Court and pled guilty to Counts 2 and 3 of the Superseding Indictment. ECF No. 41. The Court discussed the plea agreement with the Defendant at length, and the Court advised the Defendant of the constitutional rights he was giving up by pleading guilty. *Id.* The plea agreement was filed the same day; it was signed by the USAO, defense counsel, Defendant, and a Spanish-speaking interpreter who interpreted it for Defendant. ECF No. 42. The Court found that Defendant's guilty plea was knowing, intelligent, and voluntary, and not induced by fear, coercion, or ignorance; the Court therefore accepted Defendant's guilty plea and the plea agreement. ECF No. 43.

On October 15, 2012, the Court sentenced Defendant to a total term of imprisonment of 108 months and a total term of supervised release of five years. ECF No. 65. The Court also imposed a special penalty assessment of $100 per count of conviction, for a total of $200. *Id.* Judgment was entered on October 22, 2012. On May 28, 2013, Defendant filed the instant motion. ECF No. 69.

### III. LEGAL STANDARD

A prisoner in federal custody may attack his sentence on the grounds that such sentence was imposed in violation of the Constitution or federal law, the Court did not have jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, and/or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The Court examines a § 2255 motion and the record to determine whether summary dismissal is warranted. Rules Governing § 2255 Proceedings for the U.S. Dist. Courts 4(b). The Court must deny the motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Id.; see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

### IV. DISCUSSION

Defendant challenges his conviction and sentence on the following grounds: 1) his counsel promised him a sentence of five (5) years if he pled guilty; 2) his counsel never informed him about his constitutional rights and never provided him with a written copy of the Indictment; 3) he never had sufficient access to legal material while in custody prior to sentencing because the detention center did not provide Spanish legal resources, computer-based legal research tools, or qualified translators; 4) the Court improperly imposed supervised release because Defendant is an alien and ineligible for supervised release; and 5) he has been improperly assessed a $200 special assessment, instead of the $100 assessment.

1  Before addressing the substance of these claims, the Court notes
2 that Defendant is expressly precluded from bringing a § 2255 motion
3 except under very limited circumstances because of the waiver
4 contained in his plea agreement.  Accordingly, the Court begins by
5 analyzing which, if any, of Defendant's allegations may be raised by
6 way of a § 2255 motion.

**A.   Waiver of Post-Conviction Motions**

In his Plea Agreement, Defendant "expressly waive[d] his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence." ECF No. 42, at 10-11.  Interpreting Defendant's § 2255 motion in a light most favorable to the Defendant, the Court concludes that the first two grounds for relief may raise ineffective-assistance-of-counsel ("IAC") claims; the final three grounds for relief, however, plainly do not.  Accordingly, Defendant has waived the ability to assert his third, fourth, and fifth grounds for relief.

However, it is not simply enough that Defendant assert IAC claims; he must also show that such claims are based on information not known by the Defendant at the time of his plea and which, in the exercise of due diligence, could not be known by the Defendant at the time of his sentencing.  As to the first ground, Defendant's unadorned assertion that defense counsel promised him a sentence of five years is entirely belied by his signed representation in his Plea Agreement

that "no promises of any type have been made to [him] with respect to the sentence the Court will impose in this matter." ECF No. 42, at 3. When sentence was imposed, Defendant never informed the Court that he had been promised a different sentence by counsel. There is no new information that he learned following his sentencing that has created an IAC claim; to the extent one exists, it existed before his sentencing; and by not timely asserting it, Defendant has waived it pursuant to his Plea Agreement

As to the second ground for relief, Defendant *may* have stated a plausible IAC claim with respect to the failure to receive a written copy of the Indictment; assuming that this failure would constitute IAC, Defendant has sufficiently pled that he was not aware of such failure until after sentencing due to his limited access to Spanish-language legal resources while in custody awaiting sentencing. However, to the extent he also claims that he was not properly aware of his constitutional rights at the time he pled guilty, this claim is again belied by paragraph 5 of his Plea Agreement, which specifically advised him of the constitutional rights he was giving up by pleading guilty. ECF No. 42, at 4. Moreover, before accepting his plea, the Court extensively reviewed his constitutional rights with him, ECF No. 41, and the Court ultimately found that his plea was knowing, intelligent, and voluntary. ECF No. 43. In light of this, to the extent Defendant has an IAC claim, it was not based on information learned after the time of sentencing and has therefore been waived.

//

//

**B.      Presentment of Indictment**

Turning now to the lone potential ground for § 2255 relief that survives Defendant's post-conviction-motion waiver, Defendant claims he was not provided with a written copy of the Indictment throughout these criminal proceedings, and that his counsel's failure to provide him with one constitutes IAC. Assuming *arguendo* that this failure would constitute IAC if it actually occurred, the record in this matter demonstrates that it did not occur. At the arraignment on both the Indictment and the Superseding Indictment, Defendant signed an Acknowledgment of Notice of Rights form in which he acknowledged 1) receiving a copy of the charging document setting forth the allegations, 2) that he was advised of the maximum penalty allowable under the law; and 3) the various constitutional rights he possessed. *See* ECF Nos. 13 & 36. Moreover, the Court reviewed the contents of the Superseding Indictment with the Defendant during his change-of-plea hearing and concluded that he fully understood the nature of the charges again him. In light of his signed declaration to the contrary, his unadorned assertion that he never received a written copy of the Indictment is without merit.

**C.      Non-IAC Claims**

Although the Court has concluded that Defendant's remaining grounds for relief are barred in light of his waiver of his right to bring a post-conviction § 2255 motion, the Court nonetheless addresses several of these claims to demonstrate that they also lack substantive merit.

//

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 6

First, Defendant's unadorned assertion that the Illegal Immigration Reform Act of 1996 bars the Court from imposing probation is entirely unsupported; Defendant has not cited to any provision of the law that does so, and in fact, on several occasions, the Act implicitly acknowledges that an illegal alien may be serving a sentence of probation. *See, e.g.*, Pub. L. 104-208 sec. 303 (codified at 8 U.S.C. § 1226) (authorizing the Attorney General to take into custody any alien meeting certain criteria "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation[.]"). But even if Defendant's contention were true, the Court did not impose probation on Defendant; it sentenced him to supervised release following his period of custody. ECF No. 66. Although Defendant will likely be deported following his period of incarceration, his five-year sentence of supervised release remains intact; and should he reenter the country after removal,[1] he must report to the U.S. Probation Office within 72 hours of his return. *See id.* at 4.

Second, Defendant's belief that he should only be paying a $100 special penalty assessment is incorrect. He was sentenced to pay a $100 assessment *per count of conviction*, as required by statute. *See* 18 U.S.C. § 3013(a)(2)(A); see also ECF No. 66. Defendant pled guilty to and was convicted of two counts; hence, he must pay $200.

---

[1] The Court also reminds Defendant that if Defendant is removed following his sentence, he must obtain the permission of the Attorney General before reentering United States; otherwise, Defendant may be subject to new criminal charges and penalties. *See, e.g.*, 8 U.S.C. § 1326.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 7

**V.   CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody, **ECF No. 69**, is **DENIED**.

2. The Court **DECLINES** to issue a certificate of appealability.

3. The Clerk's Office is directed to **CLOSE** the file in the related civil action, Cause No. CV-13-0196-EFS.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to the Defendant at his last-known address.

**DATED** this 30th day of July 2013.

s/ Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Criminal\2011\111.deny.2255.1c2.docx

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 8